IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYMOND RICHARDSON, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § § PLAINTIFF, § § v. § § WELLS FARGO BANK, N.A. § § DEFENDANT. § § § | CIVIL ACTION NO. _____ COLLECTIVE ACTION (JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Raymond Richardson ("Plaintiff") on behalf of himself and all others similarly situated files this Original Complaint against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") and in support thereof would show as follows:

### I. INTRODUCTION

1.1   Plaintiff, on behalf of himself and all others similarly situated who have worked for Defendant as a personal banker in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.2   The collective action involves violations of the FLSA which provides that non-exempt employees must be compensated at a rate of 1 1/2 times their regular rate of compensation for all hours worked in excess of 40 hours in a work week.

1.3     Plaintiff and all others similarly situated demand a jury trial.

## II.  PARTIES

**A.     PLAINTIFF**

2.1     Within the last two years, Plaintiff Raymond Richardson was employed by Defendant within the meaning of the FLSA as a personal banker.  Raymond Richardson's Notice of Consent is attached hereto and is being filed herewith.

*Collective Action Members*

2.2     The collective action members are those persons who (a) currently or previously worked for Defendant during the three-year period preceding the filing of this complaint; (b) worked as a "personal banker" or with any similar title who performed similar duties of Plaintiff (hereafter, "personal banker"); (c) received hourly wages and were classified as "non-exempt" for purposes of the FLSA and (d) were not compensated for all hours worked.  Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant.  These collective action members are referred to as "similarly situated."

**B.     DEFENDANT**

2.3     Defendant Wells Fargo Bank, N.A. is a foreign corporation that does business in the State of Texas and Houston.  Wells Fargo Bank, N.A. may be served with a Summons and this Complaint through its registered agent: Corporation Service, 211 East 7th Street, Austin, Texas  78701.

2.4     Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.5 At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.6 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

### III. JURISDICTION AND VENUE

3.1 Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2 Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because among other reasons, Defendant is a resident of and is doing business in this district.

### IV. FACTUAL BACKGROUND

4.1 Defendant is one of the largest banks in the United States with operations throughout the country, including the U.S. Territories.

4.2 At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

4.3 Defendant failed to comply with the FLSA in that Plaintiff and others similarly situated performed services for Defendant, and they were not properly compensated for those hours worked in excess of 40 hours within a work week. Plaintiff and those similarly situated were not paid at one and one-half of their regular rate of pay for all hours worked in excess of 40 per week as required by the FLSA.

4.4     Defendant's practice of requiring or permitting its non-exempt employees to perform work, in the form of spending time or conducting activities for the benefit of Defendant, violates the FLSA because Plaintiff and those similarly situated worked more than 40 hours per week without receiving compensation at one and one-half times their hourly rate of pay ("overtime compensation").

4.5     The operations of Defendant's offices or locations, and the wages and compensation of Plaintiff and those similarly situated at each of Defendant's offices or locations, are substantially similar, if not identical.

4.6     Defendant's practice of requiring or permitting its hourly employees to perform work, in the form of spending time or conducting activities for the benefit of Defendant, violates the FLSA because it requires Plaintiff and those similarly situated to work without compensation.

4.7     The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff and those similarly situated.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

5.3     Other similarly situated employees are being denied and have been denied their lawful wages.  Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Defendant's general

application of policies and practices, and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.4 Plaintiff and all others similarly situated shared common job duties and responsibilities as personal bankers. Thus, Plaintiff's experiences are typical of the experience of Defendant's other personal bankers.

5.5 Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.6 Plaintiff brings these claims on his own behalf and on behalf of all other similarly situated personal bankers who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant. Plaintiff brings these claims for relief for violation of the FLSA as a collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b). Plaintiff brings these claims on behalf of all non-exempt hourly personal bankers who were, are or will be employed by Defendant during the period of three years prior to the commencement of this action through the date of judgment of this action, who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

5.7 Plaintiff requests that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.8 Plaintiff seeks to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.9 Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.10 Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated. Plaintiff has retained counsel competent and experienced in complex employment matters and collective actions.

### VI.  COUNT 1—VIOLATIONS OF THE FLSA

6.1 Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2 Plaintiff and all others similarly situated are non-exempt employees who were paid on an hourly basis.

6.3 Plaintiff and all others similarly situated are entitled to overtime pay for all hours in excess of 40 hours worked during each seven-day work week.

6.4 Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per week.

6.5 Often, Plaintiff and others similarly situated were paid no wages for hours worked over 40 in a work week. Plaintiff and those similarly situated performed "off-the-clock" work for which they received no compensation.

6.6 Defendant has not made a good faith effort to comply with the FLSA.

6.7 In fact, Defendant has fraudulently misrepresented on each pay record the true hours worked by Plaintiff and all other similarly situated employees.

6.8 In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per work week by Plaintiff and by all other similarly situated employees.

6.9     No exemption excused the Defendant from paying Plaintiff and all others similarly situated, overtime pay for all of the hours worked over forty per week.

6.10    Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and to all other similarly situated employees.

6.11    Plaintiff and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. JURY DEMAND

7.1     Plaintiff and all others similarly situated hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiff and all those similarly situated to him who have or will opt into this action, respectfully prays that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

   a.   an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

   b.   damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

   b.   liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

   c.   all applicable penalties for the violations set forth herein;

d. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;

e. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Rhonda H. Wills*
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Southern District I.D. No. 20699
WILLS LAW FIRM
1776 Yorktown, Suite 600
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

-AND-

John M. Padilla
State Bar No. 00791395
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown, Suite 110
Houston, Texas 77056
Telephone: (713) 574-4602
Facsimile: (713) 574-4601

**ATTORNEYS FOR PLAINTIFFS**