IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND RICHARDSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-0738 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss Collective Action Allegations, or, in the Alternative, Motion for More Definite Statement ("Motion") [Doc. # 7] filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), to which Plaintiff filed a Response [Doc. # 12]. Defendant neither filed a reply nor requested additional time to do so. Having reviewed the record and applied governing and persuasive legal authorities, the Court **denies** the Motion.

### **I.    BACKGROUND**

Plaintiff, a former personal banker for Wells Fargo, filed this collective action alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime compensation for hours worked in excess of forty (40) per week. Plaintiff purports to sue also on behalf of all Wells Fargo personal bankers throughout

the United States. Defendant filed this Motion, asserting that Plaintiff failed to plead sufficient facts to support the collective action allegations.

## II.   APPLICABLE LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

A party is entitled to a more definite statement only when the pleading to which the party must respond "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e).

## III.   ANALYSIS

Plaintiff alleges sufficient facts in his Complaint to satisfy the pleading requirements for collective actions under the FLSA. Plaintiff alleges that he and other similarly-situated personal bankers working for Wells Fargo were improperly

classified as non-exempt, regularly worked more than forty hours per week, and were not paid overtime compensation for those additional hours. These are all factual allegations that, if proven, state a plausible claim for relief under the FLSA. *See, e.g., Hoffman v. Cemex, Inc.*, 2009 WL 4825224, *3 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J.).

Additionally, dismissal of the collective action allegations under Rule 12(b)(6) is not appropriate. Whether the case should proceed as a collective action is properly addressed when Plaintiff moves for conditional certification and issuance of notice to the class. *Id.* at *4 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995)).

For the same reasons that dismissal under Rule 12(b)(6) is unwarranted, there is no need for Plaintiff to file a more definite statement. Plaintiff alleges an adequate factual basis for the FLSA claim and the Federal Rules require no more at this stage.

## IV.     CONCLUSION AND ORDER

Plaintiff has adequately pled his FLSA claim. Whether the case should proceed as a collective action will be determined if and when Plaintiff moves for conditional certification and the issuance of notice. As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Collective Action Allegations, or, in the Alternative, Motion for a More Definite Statement [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this 20th day of **May, 2011**.

_____
Nancy F. Atlas
United States District Judge