IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND RICHARDSON, and OTHERS SIMILARLY SITUATED, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL NO. 4:11-CV-00738 |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully files this Answer and Defenses to Plaintiffs' First Amended Complaint (the "Complaint"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiffs' First Amended Complaint. To the extent the allegations within Plaintiffs' First Amended Complaint are not expressly admitted, they are hereby denied.

## I. INTRODUCTION

**COMPLAINT PARA. NO. 1.1**:

Plaintiffs worked as personal bankers for Defendant, and bring this action to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

**ANSWER NO. 1.1**:

Wells Fargo admits that Plaintiffs worked for Wells Fargo as personal bankers. Wells Fargo further admits that Plaintiffs seeks overtime compensation, other wages, liquidated damages, attorneys' fees, costs of court, pre-judgment and post-judgment interest and injunctive relief in this action under the FLSA. Wells Fargo denies that it violated the FLSA respect to

Plaintiffs' employment at Wells Fargo. Wells Fargo also denies that Plaintiffs have been properly joined in this lawsuit and that a collective or joint trial is proper.

**COMPLAINT PARA. NO. 1.2**:

The action involves violations of the FLSA which provides that non-exempt employees must be compensated at a rate of 1 1/2 times their regular rate of compensation for all hours worked in excess of 40 hours in a work week.

**ANSWER NO. 1.2**:

There are no factual allegations set forth in Paragraph 1.2 of Plaintiffs' Complaint. Paragraph 1.2 of Plaintiffs' Complaint also contains legal conclusions that need not be admitted or denied. Insofar as the paragraph contains allegations that must be admitted or denied, Wells Fargo admits that Plaintiffs' allege Wells Fargo violated the FLSA.

**COMPLAINT PARA. NO. 1.3**:

Plaintiffs demand a jury trial.

**ANSWER NO. 1.3**:

Wells Fargo admits that Plaintiffs have requested a jury trial, but denies that they are entitled to a trial, and also denies that they are entitled to a joint or collective trial.

## II. PARTIES

A. **PLAINTIFFS**

**COMPLAINT PARA. NO. 2.1**:

Within the three years preceding the filing of this lawsuit, Plaintiffs Raymond Richardson, Karvet Samuels, Ryan Switzer and Byron Young were employed by Defendant within the meaning of the FLSA as personal bankers. Plaintiffs' Notices of Consent have been previously filed in this action:

a. Raymond Richardson previously filed a Notice of Consent on March 2, 2011. [Doc. 1-1].

b. Karvet Samuels previously filed a Notice of Consent on November 22, 2011. [Doc. 40].

c.  Ryan Switzer previously filed a Notice of Consent on November 14, 2011. [Doc. 35].

d.  Byron Young previously filed a Notice of Consent on June 9, 2011. [Doc. 19].

**ANSWER NO. 2.1**:

Wells Fargo admits that Plaintiffs worked for Wells Fargo as personal bankers during a portion of the three-year period preceding the filing of this lawsuit. Wells Fargo also admits that Plaintiffs filed Notices of Consent in this lawsuit on the dates identified in Paragraph 2.1 of Plaintiffs' Complaint.

**B. DEFENDANT**

**COMPLAINT PARA. NO. 2.2**:

Defendant Wells Fargo Bank, N.A. is a foreign corporation that does business in the State of Texas and Houston. Wells Fargo Bank, N.A. has already entered an appearance herein and therefore no service is necessary at this time.

**ANSWER NO. 2.2**:

Wells Fargo admits the allegations in Paragraph 2.2 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 2.3**:

Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

**ANSWER NO. 2.3**:

Wells Fargo admits the allegations in Paragraph 2.3 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 2.4**:

At all relevant times to this action, Defendant was the employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

**ANSWER NO. 2.4**:

Wells Fargo admits that it is an enterprise engaged in commerce for purposes of 29 U.S.C. § 203. Wells Fargo further admits that it was Plaintiffs' employer, as that term is defined in the FLSA, during a portion of the three-year period preceding the filing of this lawsuit.

**COMPLAINT PARA. NO. 2.5**:

For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

**ANSWER NO. 2.5**:

Wells Fargo admits that Plaintiffs purport to define the "relevant period" as the period commencing on the date that is three years prior to the filing of this action, and continuing thereafter. Wells Fargo denies that the applicable statute of limitations in his lawsuit is three years prior to the filing of this lawsuit.

### III. JURISDICTION AND VENUE

**COMPLAINT PARA. NO. 3.1**:

Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

**ANSWER NO. 3.1**:

Wells Fargo admits that this Court has jurisdiction.

**COMPLAINT PARA. NO. 3.2**:

Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because among other reasons, Defendant is a resident of and is doing business in this district.

**ANSWER NO. 3.2**:

Wells Fargo admits that venue is proper in the Southern District of Texas with regard to the claims of plaintiffs Raymond Richardson, Ryan Switzer, and Byron Young. Wells Fargo

4

denies that venue is proper in the Southern District of Texas with regard to the claims of plaintiff Karvet Samuels.

## IV. FACTUAL BACKGROUND

**COMPLAINT PARA. NO. 4.1**:

Defendant is one of the largest banks in the United States with operations throughout the country, including the U.S. Territories.

**ANSWER NO. 4.1**:

Wells Fargo admits the allegations in Paragraph 4.1 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 4.2**:

At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

**ANSWER NO. 4.2**:

Wells Fargo admits the allegations in Paragraph 4.2 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 4.3**:

Defendant failed to comply with the FLSA in that Plaintiffs performed services for Defendant, and they were not properly compensated for those hours worked in excess of 40 hours within a work week. Plaintiffs were not paid at one and one-half of their regular rate of pay for all hours worked in excess of 40 per week as required by the FLSA.

**ANSWER NO. 4.3**:

Wells Fargo denies the allegations in Paragraph 4.3 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 4.4**:

Defendant's practice of requiring or permitting its non-exempt employees to perform work, in the form of spending time or conducting activities for the benefit of Defendant, violates the FLSA because Plaintiffs worked more than 40 hours per week without receiving compensation at one and one-half times their hourly rate of pay ("overtime compensation").

**ANSWER NO. 4.4**:

Wells Fargo denies the allegations in Paragraph 4.4 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 4.5**:

The operations of Defendant's offices or locations, and the wages and compensation of Plaintiffs at each of Defendant's off ices or locations, are substantially similar, if not identical.

**ANSWER NO. 4.5**:

Wells Fargo denies the allegations in Paragraph 4.5 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 4.6**:

Defendant's practice of requiring or permitting its hourly employees to perform work, in the form of spending time or conducting activities for the benefit of Defendant, violates the FLSA because it requires Plaintiffs to work without compensation.

**ANSWER NO. 4.6**:

Wells Fargo denies the allegations in Paragraph 4.6 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 4.7**:

The conduct of Defendant, asset out above, has been willful and in bad faith, and has caused significant damages to Plaintiffs.

**ANSWER NO. 4.7**:

Wells Fargo denies the allegations in Paragraph 4.7 of Plaintiffs' Complaint.

### V.  COUNT I–VIOLATIONS OF THE FLSA

**COMPLAINT PARA. NO. 5.1**:

Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**ANSWER NO. 5.1**:

Wells Fargo incorporates by reference the admissions and denials in the preceding paragraphs of this Answer.

**COMPLAINT PARA. NO. 5.2**:

Plaintiffs are non-exempt employees who were paid on an hourly basis.

**ANSWER NO. 5.2**:

Wells Fargo admits that Plaintiffs, during some portion of their employment with Wells Fargo, were non-exempt employees who were paid on an hourly basis.

**COMPLAINT PARA. NO. 5.3**:

Plaintiffs are entitled to overtime pay for all hours in excess of 40 hours worked during each seven-day work week.

**ANSWER NO. 5.3**:

Wells Fargo admits that Plaintiffs were entitled to overtime pay for all hours in excess of 40 hours worked during each work week when they were non-exempt employees of Wells Fargo.

**COMPLAINT PARA. NO. 5.4**:

Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per week.

**ANSWER NO. 5.4**:

Wells Fargo denies the allegations in Paragraph 5.4 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 5.5**:

Often, Plaintiffs were paid no wages for hours worked over 40 in a work week. Plaintiffs performed "off-the-clock" work for which they received no compensation.

**ANSWER NO. 5.5**:

Wells Fargo denies the allegations in Paragraph 5.5 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 5.6**:

Defendant has not made a good faith effort to comply with the FLSA.

**ANSWER NO. 5.6**:

Wells Fargo denies the allegations in Paragraph 5.6 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 5.7**:

In fact, Defendant has fraudulently misrepresented on each pay record the true hours worked by Plaintiffs.

**ANSWER NO. 5.7**:

Wells Fargo denies the allegations in Paragraph 5.7 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 5.8**:

In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per work week by Plaintiffs.

**ANSWER NO. 5.8**:

Wells Fargo denies the allegations in Paragraph 5.8 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 5.9**:

No exemption excused the Defendant from paying Plaintiffs overtime pay for all of the hours worked over forty per week.

**ANSWER NO. 5.9**:

Wells Fargo admits that Plaintiffs, during the portion of their employment as personal banker, were non-exempt employees.

**COMPLAINT PARA. NO. 5.10**:

Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiffs.

**ANSWER NO. 5.10**:

Wells Fargo denies the allegations in Paragraph 5.10 of Plaintiffs' Complaint.

**COMPLAINT PARA. NO. 5.11**:

Plaintiffs seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**ANSWER NO. 5.11**:

Wells Fargo admits that Plaintiffs seek unpaid wages, overtime compensation, liquidated damages, attorney's fees, litigation expenses, expert fees, costs, pre-judgment and post-judgment interest. Wells Fargo denies that Plaintiffs are entitled to recover any damages in this lawsuit or

any other relief. Wells Fargo also denies that Plaintiffs have been properly joined in this lawsuit and that a collective or joint trial is proper.

## VI.  JURY DEMAND

**COMPLAINT PARA. NO. 6.1**:

Plaintiffs demand a trial by jury.

**ANSWER NO. 6.1**:

Wells Fargo admits Plaintiffs have requested a jury trial, but denies they are entitled to a trial, and also denies that they are entitled to a joint or collective trial.

## PRAYER

WHEREFORE Plaintiffs respectfully pray that they recover the following:

a. an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b. damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

c. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

d. all applicable penalties for the violations set forth herein;

e. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs;

f. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

**ANSWER**:

Wells Fargo denies Plaintiffs are entitled to the relief sought in the Prayer of Plaintiffs' Complaint.

# DEFENDANT'S DEFENSES

In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

1. Venue is not proper in the Southern District of Texas with regard to the claims of plaintiff Karvet Samuels.

2. Plaintiffs and their claims have been improperly and impermissibly joined in this case. *See* FED. R. CIV. P. 20 and 21.

3. Plaintiffs are not entitled to a joint or collective trial on their FLSA claims.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

7. A two-year limitations period applies because there is no evidence of a willful violation. *See* 29 U.S.C. § 255.

8. Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs are subject to the provisions of 29 U.S.C. §§ 258 and 259 because they were done in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendant belongs.

9. Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs are subject to the provisions of 29 U.S.C. § 260 because they were done in good faith and Defendant had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable laws.

10. Defendant's acts or omissions were not willful within the meaning of the FLSA.

11. Plaintiffs are not entitled to any liquidated damages or penalties under the FLSA because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the FLSA, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the FLSA.

12. Plaintiffs' claims and those of the putative class members are barred, in whole or in part, by the doctrine of estoppel, judicial or equitable.

13. Plaintiffs' claims and those of the putative class members are barred by the doctrine of *res judicata* and/or collateral estoppel to the extent that any Plaintiff has asserted in any prior legal or administrative proceeding that he or she was entitled to any additional payment to which any Plaintiff claims that he is entitled.

14. Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment and release.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

17. Some or all of Plaintiffs' claims and those of putative class members are subject to binding arbitration.

18. Plaintiffs' claims are barred because they consented to, acquiesced in, and/or ratified, through express or implied agreement, the conduct of which they now complain.

19. Plaintiffs are not entitled to any penalty or award to the extent that the penalty provisions of the applicable statutes invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of

14872787v.1

Defendant's conduct, and are in violation of the Due Process clause of the Fifth Amendment to the United States Constitution.

20. Plaintiffs' claims and those of the putative class members are barred to the extent that there is/are currently other action(s) pending on the same claims.

21. Defendant is entitled to an off-set of any amount of relief claimed by Plaintiffs based on compensation previously paid by Defendant to any Plaintiff.

22. Defendant, in the alternative if necessary, states that part or all of any time Plaintiffs allege should be paid to them is properly preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 254(a), and therefore is not compensable.

23. Defendant states, in the alternative if necessary, that if, in fact, it has failed to pay any non-exempt personal banker for work in excess of 40 hours in a work week, the uncompensated time is *de minimis*.

24. Defendant states, in the alternative if necessary, that even if it has in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' and/or other persons alleged to be similarly situated principal activities of employment and are not compensable.

25. Defendant is continuing to investigate Plaintiffs' allegations. Therefore, Defendant reserves the right to amend its Answer and Defenses.

Defendant Wells Fargo Bank, N.A. prays: that the Court sever the Plaintiffs' claims for improper joined; that the Court deny Plaintiffs' request for a joint or collective trial and instead order separate trials; that Plaintiffs' Complaint be dismissed and that Plaintiffs take nothing thereby; that Defendant be awarded its costs in this matter, including, but not limited to,

14872787v.1

reasonable attorneys' fees as permitted by law; and that Defendant be granted such other and further relief to which it may show itself to be justly entitled.

**DATED: October 8, 2012**               Respectfully submitted,

                                                SEYFARTH SHAW LLP

                              By:   /s/ Timothy M. Watson_____
                                     Timothy M. Watson
                                     Texas Bar No. 20963575
                                     S.D. Texas ID 12953
                                     SEYFARTH SHAW LLP
                                     700 Louisiana Street, Suite 3700
                                     Houston, Texas 77002
                                     (713) 225-2300 – Telephone
                                     (713) 225-2340 – Facsimile

                                     ATTORNEY-IN-CHARGE FOR DEFENDANT
                                     WELLS FARGO BANK, N.A.

OF COUNSEL:

Esteban Shardonofsky
Texas Bar No. 24051323
S.D. Texas ID No. 615928
Kendra K. Paul
Texas Bar No. 24065889
S.D. Texas ID No. 975496
Rachel M. Hoffer
Texas Bar No. 24065432
S.D. Texas ID No. 1006076
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2012, I electronically filed the foregoing with the clerk of the court using the CM/EFC system, which will send notification of such filing to the following:

>Rhonda H. Wills
>Wills Law Firm
>1776 Yorktown, Suite 600
>Houston, Texas 77056
>
>John M. Padilla
>Padilla, Rodriguez & De La Garza, L.L.P.
>1776 Yorktown, Suite 110
>Houston, Texas 77056

    /s/ Esteban Shardonofsky
    Esteban Shardonofsky

14872787v.1